IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TODD ANDREW SMITH<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER, SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. 6:19-cv-01242-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Before the Court is Defendant Social Security Administration's unopposed Motion to Dismiss (doc. 5). Plaintiff brought this action in Coos County Circuit Court alleging that defendant owes him $10,000 because of "abandonment." Notice of Removal (doc. 1), Ex. 1 at 1. Defendant removed to federal court and now moves to dismiss plaintiff's claim for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff filed this lawsuit against defendant in the Small Claims Department of Coos County Circuit Court. *See* Notice of Removal, Ex. 1. He alleged that defendant owes him $10,000 because of "abandonment" and that he made the following efforts to collect this claim from defendant before filing with the court: "I filed in 2012 my lawyer spent 5 years trying." *Id.* at 1-2.

Defendant removed plaintiff's action to the District of Oregon pursuant to 28 U.S.C. § 1442(a)(1).[1]

## STANDARDS

A motion to dismiss brought under Rule 12(b)(1) addresses the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where, as here, a defendant asserts a facial challenge to jurisdiction, the factual allegations in the complaint are taken as true, and all reasonable inferences are drawn in plaintiff's favor. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). "The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

A motion to dismiss under Rule 12(b)(6) assesses the sufficiency of the allegations in the Complaint. The Court must dismiss a complaint if it fails so state

---

[1] 28 U.S.C. § 1442(a)(1) permits removal of state court actions against federal agencies.

a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must include a short plain statement of the claim that "contains sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quotations omitted).

## DISCUSSION

Defendant argues that this Court lacks subject matter jurisdiction over plaintiff's claim under the doctrine of derivative jurisdiction. When an action is removed from state court under § 1442(a)(1), the federal court's jurisdiction is derivative of the state court's jurisdiction. *Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015); *Elko Cty. Grand Jury v. Siminoe*, 109 F.3d 554, 555 (9th Cir. 1997). If the state court lacked subject matter jurisdiction, then the federal court lacks jurisdiction, regardless of whether it would have had jurisdiction had the action originally been filed in federal court. *Minnesota v. U.S.*, 305 U.S. 382, 389 (1939).

The Court concludes that Coos County Circuit Court lacked jurisdiction over the action. First, the complaint fails to allege an express waiver of defendant's sovereign immunity as an agency of the United States. *See Cox*, 800 F.3d at 1032 (holding that the district court should have dismissed the case under the doctrine of

derivative jurisdiction because there was no evidence that USDA waived its sovereign immunity to suit in Nevada state court). Second, even if, as defendant points out, the claim could be construed as a tort claim under the Federal Tort Claims Act or a breach of contract claim under the Tucker Act, both must be brought in federal court in the first instance. *See U.S. v. Park Place Assoc., Ltd.*, 563 F.3d 907, 927 (9th Cir. 2009) (noting that both acts provide waivers of sovereign immunity but provide that federal courts have exclusive jurisdiction over the claims).

Therefore, the Court lacks subject matter jurisdiction over plaintiff's claim and this case must be dismissed, and the Court will not address defendant's Rule 12(b)(6) motion. *See Cox*, 800 F.3d at 1032 (holding that when a district court lacks jurisdiction under the derivative jurisdiction doctrine, the court is "bound to dismiss the [complaint] rather than remand to state court"). Because this Court lacks jurisdiction under the derivative jurisdiction doctrine, amendment would be futile.

## CONCLUSION

For the reasons stated above, defendant's Motion to Dismiss (doc. 5) is GRANTED and the complaint is DISMISSED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this 17th day of October 2019.

_____
Ann Aiken
United States District Judge